IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TORRECO HOSKIN, AIS # 196878,** ) <br>     **Plaintiff,** ) <br> ) <br> v.                                                            ) <br> ) <br> **BRANDON McKENZIE** *and*   ) <br> **JERMAINE BULLARD,**         ) <br>     **Defendants.**                ) | **CIVIL ACTION NO. 1:20-00009-JB-N** |

## REPORT AND RECOMMENDATION

This action is before the Court *sua sponte* on review of the Plaintiff's amended complaint under 42 U.S.C. § 1983 dated April 19, 2020 (Doc. 10), filed on the Court's form pursuant to the Court's prior orders.[1] The amended complaint alleges claims in this action against Defendants Brandon McKenzie and Jermaine Bullard arising out of an alleged assault occurring December 29, 2018, at Holman Correctional Facility in its health care unit. However, the Plaintiff is already pursuing claims against McKenzie and Bullard (along with a third individual who is not a party to this case) arising out of the same incident in another case pending in this Court, *Torreco Hoskin v. Brandon D McKenzie et al.*, Case No. 1:19-cv-00143-JB-N ("*Hoskin I*").

---

[1] The assigned District Judge has referred the amended complaint to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (6/2/2020 electronic reference). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the § 2255 motion, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(1).

"It is well established that ... the general principle is to avoid duplicative litigation." *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) (internal citations and quotation marks omitted). And it "is well settled that a plaintiff may not file duplicative complaints in order to expand [his] legal rights." *Vanover v. NCO Fin. Servs. Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (internal citation and quotation marks omitted). "This doctrine rests on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* "Although no precise test has been articulated for making this determination that litigation is duplicative, the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *Georgia ex. Rel. Olens v. McCarthy*, 833 F.3d 1317, 1321 (11th Cir. 2016) (internal citation omitted). "Trial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending." *I.A. Durbin, Inc.*, 793 F.2d at 1551.

In both this action and *Hoskin I*, the Plaintiff requests the same relief based on substantially the same claims, against the same defendants, arising from the same incident. In response to the Court's order directing the Plaintiff to show cause why this action should not be dismissed without prejudice as duplicative of *Hoskin I*, Hoskin asserts that a prior civil case of his "was thrown out + dismissed so [he] was told to re-file the same case…" (Doc. 13).[2] Be that as it may, it appears he has

---

[2] Hoskin has failed to sign his show-cause response, as required by Federal Rule of

refiled the same case twice – here, and in *Hoskin I*.³ In light of the general principle to avoid duplicative litigation, the Plaintiff should pursue his claims against McKenzie and Bullard in the earlier-filed *Hoskin I*, where the Defendants have already appeared and answered, and this case should be dismissed without prejudice.

Accordingly, the undersigned **RECOMMENDS** that the Plaintiff's motion for a stay be **DENIED, t**hat this action be **DISMISSED without prejudice** as duplicative of *Hoskin I*, and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

**DONE** this the 26ᵗʰ day of June 2020.

>   */s/ Katherine P. Nelson*
>   **KATHERINE P. NELSON**
>   **UNITED STATES MAGISTRATE JUDGE**

---

Civil Procedure 11. Generally, a court must strike an unsigned filing unless the filer promptly corrects the omission once it is brought to his attention. *See* Fed. R. Civ. P. 11(a). However, because Hoskin's show-cause response entitles him to no relief regardless, the undersigned declines to strike it.

³   The Plaintiff also moves "for a stay" of this case while he is confined in a "crisis cell." (Doc. 13). Because this case is due to be dismissed as duplicative, the request for a stay should be **DENIED**.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."   11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.